**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
TAMPA DIVISION

ROBERT WAYNE DOTSON,
FRANCINE MARIA DIGIORGIO, and
OLENA DOTSON,

    Plaintiffs,

v.                                                 Case No: 8:19-cv-2179-T-36JSS

UNITED STATES OF AMERICA, U.S.
Postal Service,

    Defendant.

_____/

**ORDER**

    This matter comes before the Court on the United States' Motion for Summary Judgment [Doc. 14], Plaintiffs' response in opposition [Doc. 15], the United States' reply [Doc. 18], Plaintiffs' supplemental memorandum of law in opposition [Doc. 30], the United States' supplemental reply in support of summary judgment [Doc. 31], and the parties' Stipulation of Agreed Material Facts [Doc. 17]. The United States argues that it is entitled to summary judgment on Plaintiffs' claims arising under the Federal Tort Claims Act because Plaintiffs failed to file this action within the prescribed six-month period following a formal denial of their administrative claim as required by 28 U.S.C. § 2401(b). The Court, having considered the motion, the exhibits filed in support, and otherwise being fully advised will **GRANT** the United States' Motion for Summary Judgment.

I.  **Background**[1]

On April 30, 2016, Robert Wayne Dotson, Francine Maria DiGiorgio, and Olena Dotson ("Plaintiffs") were involved in a motor vehicle accident with a vehicle operated by an employee of the United States Postal Service ("USPS or Defendant"). [Doc. 17 ¶ 1]. Through their counsel, Rywant, Alvarez, Jones, Russo & Guyton, P.A., Plaintiffs each submitted a Form 95 Claim for damages to USPS on February 16, 2017. *Id.* at ¶¶ 2–3; Doc. 14-1. On March 16, 2018, USPS received correspondence from the Pawlowski Mastrilli Law Group indicating they had been retained to represent Plaintiffs. [Doc. 17. ¶ 4; Doc. 14-2]. A few months later, on September 27, 2018, Plaintiffs filed an FTCA action against the USPS in this Court. [Doc. 17 ¶ 5; Doc. 14-4].[2] They were represented by T. Patton Youngblood, Jr. of the Youngblood Law Firm ("Youngblood"). *Id.* ¶ 6.

On October 25, 2018, the Pawlowski Mastrilli Law Group received a certified letter from the USPS denying Plaintiffs' administrative claims. [Doc. 17 ¶¶ 9–10; Doc. 14-5]. Several months later, on March 14, 2019, the Court—pursuant to Local Rule 1.07(b)—dismissed the initial FTCA action without prejudice. [Doc. 17 ¶ 11; Doc. 14-6]. On August 7, 2019, Mr. Youngblood forwarded demand letters and supporting documentation on behalf of each of the three respective Plaintiffs to counsel for the

---

[1] The Court has determined the facts, which are undisputed unless otherwise noted, based on the parties' submissions, including declarations and exhibits, as well as the parties' Stipulation of Agreed Material Facts [Doc. 17].

[2] The matter was designated as Case No.: 8:18-cv-02388-SDM-TGW.

2

United States. [Doc. 17 ¶ 12]. Plaintiffs then filed this action on August 30, 2019, again seeking recovery under the FTCA. *Id.* ¶ 13; Doc. 1. The three-count complaint alleges that the USPS employee negligently operated the motor vehicle causing a rear end collision with the vehicle occupied by Plaintiffs. [Doc. 1 ¶¶ 9-14, 8-19, 23-24].

The United States has moved for summary judgement on the ground that the action is untimely under 28 U.S.C. § 2401(b), contending that there is no dispute that Plaintiffs failed to file their complaint within six months of USPS's denial. [Doc. 14 at pp. 4-5]. Plaintiffs raise two arguments in response; first, that USPS' failure to send the denial letter to Youngblood—attorney in the initial FTCA claim—violated 28 U.S.C. §2401(b) and that because the denial letter was mailed after the initial suit was filed, the directive of 28 U.S.C. 2401(b) no longer applies.[3] [Doc. 15 at pp. 5–7]. They presented several additional arguments in a supplemental memorandum in opposition.[4] Among other things, they argue that (i) the denial letter had no effect because suit had been filed and the USPS served when the denial was mailed; (ii) "it would make no sense to begin to run the six-month time period when suit was already pending" and the six-month time period should have been equitably tolled during the pendency of the original action; and (iii) it would be inequitable to disallow the claim

---

[3] Plaintiffs also state in their conclusion that the action is timely under Fla. Stat. § 95.11(3)(a). [Doc. 15 at p. 8]. This Court has previously found that the FTCA preempts section 95.11 of the Florida Statutes. *See Blau v. United States*, No. 8:12-CV-2669-T-26AEP, 2013 WL 704762, at *3 (M.D. Fla. Feb. 26, 2013).

[4] The argument presented therein were raised for the first time at the hearing held on November 4, 2020, and the Court directed briefing on the issue. [Doc. 29].

3

given that Plaintiff was attempting to resolve the claim in good faith, having received a request for updated demands from Defendant, and would have promptly refiled suit had they not received the request from Defendant.[5] [Doc. 30 at pp. 3-5]. In its supplemental reply, Defendant reminds the Court that equitable tolling is an extraordinary remedy which should be extended only sparingly and contends that Plaintiffs have not met this heavy burden. [Doc. 31 at p. 3]. In so doing, Defendant explains that Plaintiffs have not identified any steps taken to preserve their rights following dismissal of the initial lawsuit and have not shown an extraordinary circumstance, which must both be established for equity to apply. *Id.* at pp. 3-5.

II.   **Legal Standard**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Issues of fact are "genuine only if a reasonable jury, considering the evidence present, could find for the nonmoving party," and a fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In determining whether a genuine issue of material fact exists, the

---

5 Plaintiffs also note that equitable tolling "does not require any misconduct on the part of the defendant" and that the Court may consider the absence of prejudice to the defendant as well as diligence in pursuing one's rights and ignorance of filing requirements. *Id.* at p. 3.

court must consider all the evidence in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 323.

The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id.* at 324. However, a party cannot defeat summary judgment by relying upon conclusory allegations. *See Hill v. Oil Dri Corp. of Ga.*, 198 F. App'x 852, 858 (11th Cir. 2006). Likewise, "[a] 'mere existence of a scintilla of evidence' cannot suffice to create a genuine issue of material fact." *Johnson v. New Destiny Christian Ctr. Church, Inc.*, No. 19-11070, 2020 WL 5289881, at *3 (11th Cir. Sept. 4, 2020) (quoting *Anderson*, 477 U.S. at 252).

III. **Discussion**

The Federal Tort Claims Act ("FTCA") is "'a specific, congressional exception' to the United States' sovereign immunity for tort claims, under which the government may 'be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government.'" *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (quoting *Suarez v. United States*, 22 F.3d 1064, 1065

(11th Cir.1994)). However, to bring a claim under the FTCA, a plaintiff must exhaust all administrative remedies prior to bringing suit. *McNeil v. United States*, 508 U.S. 106, 107 (1993). This requires that the plaintiff first present notice of the claim through a Standard Form 95 or "other written notification of the alleged tortious incident" to the appropriate federal agency. *Bello v. United States,* 757 F. App'x 819, 821 (11th Cir. 2018); *see* 28 C.F.R. § 14.2(a). In the event the agency fails to issue a formal denial within six months, the claimant may deem the claim denied and file suit. *See* 28 U.S.C. § 2675(a); *Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016) ("If the agency fails to make a 'final disposition of a claim within six months after it is filed,' the claimant may treat the lack of response as 'a final denial of the claim for purposes of this section.' ") (quoting *Turner*, 514 F.3d at 1200). However, if the agency issues a final denial, the claimant must file its complaint in federal court within six months, if reconsideration is not sought. *See* 28 U.S.C. 2401(b); 28 C.F.R. § 14.9; *Bello*, 757 F. App'x at 821.

In this case, Plaintiffs presented notice of their claim to USPS on **February 16, 2017**. [Doc. 17 ¶ 2; Doc. 14-1]. At that time, they were represented by Rywant, Alvarez, Jones, Russo & Guyton, P.A. [Doc. 17 ¶ 3]. Subsequently, USPS received notice that the Pawlowski Mastrilli Law Group was representing Plaintiffs. *Id.* ¶ 4. Having not received a final denial of their claim after six months, Plaintiffs' new attorney Youngblood filed the initial action on **September 7, 2018**. [Doc. 17 ¶ 5; Doc. 14-4; Doc. 15-2]. This was over a year after the claim was filed. Just a few weeks later,

6

on October 22, 2018, USPS sent a certified letter denying the claims. [Doc. 17 ¶ 10; Doc. 14-5]. This letter was received by the Pawlowski Mastrilli Law Group—the second law firm—on **October 25, 2018**. *Id.* The initial lawsuit was dismissed without prejudice on **March 14, 2019**, and Plaintiffs filed the instant case on **August 30, 2019**. Doc. 17 ¶ 11, 13; Doc. 14-6; Doc. 1. Defendants contend this action is untimely pursuant to 28 USC 2401(b) as more than six months passed between the issuance of the denial letter on October 22, 2018 and Plaintiffs' filing of this action on August 30, 2019. [Doc 14. at 1-2].

### *a. Timeliness*

Neither of the arguments presented by Plaintiffs as to the timeliness of their action holds merit. 28 U.S.C. § 2401(b) states that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." Additionally, "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675. *See Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) ("Before instituting a federal suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed. 28 U.S.C. § 2675(a)."); *Free v. United*

*States*, 885 F.2d 840, 842 (11th Cir. 1989) ("Once the claim has been denied or six months after the claim has been filed, a plaintiff may bring a lawsuit in federal court. 28 U.S.C. § 2675(a).").

Plaintiffs initially exercised the option to deem the claim denied and filed suit, which was ultimately dismissed. However, the Court cannot accept their conclusory argument that because that initial lawsuit was pending, the directives of the subsequently issued denial letter were moot, and a new letter should have been sent after dismissal of that action. [Doc. 15 at pp. 5, 7]. Plaintiffs have presented no authority supporting this proposition. At the same time, the Court cannot find any authority from the Eleventh Circuit addressing this issue.

In addressing 28 U.S.C. 2401(b), the Eleventh Circuit has stated that the condition on the waiver of sovereign immunity "must be strictly observed and exceptions thereto are not to be implied." *Phillips v. United States*, 260 F.3d 1316, 1318 (11th Cir. 2001) (*citing United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) and *Lehman v. Nakshian,* 453 U.S. 156, 161, 101 S.Ct. 2698, 69 L.Ed.2d 548(1981)). As the appellate court explained:

> "[s]ection 2401(b) … is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims. Therefore, in construing the FTCA's statute of limitations, we should not take it upon ourselves to extend the waiver beyond that which Congress intended." *Id.* "[T]he lawsuit must be commenced within six months after the receipt of a final agency decision."

*Id.* at 1317 (*quoting Kubrick,* 444 U.S. at 117, 100 S.Ct. 352). That did not occur in this case. This lawsuit was filed on August 30, 2019, more than ten months after the denial letter was received by the Pawlowski Firm around October 25, 2018. Even though Plaintiffs may argue that the initial action was still pending when the denial letter was mailed and received, once that action was dismissed, Plaintiffs had at least a month during which this action could have been filed. Again, the Eleventh Circuit has warned that "we should not take it upon ourselves to extend the waiver beyond that which Congress intended." *Phillips*, 260 F.3d at 1318. As the action was filed more than six months after USPS mailed the denial letter, the action is untimely.

Moreover, mailing of the denial letter comported with the requirements of 28 C.F.R. § 14.9, which requires that "[f]inal denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail." Plaintiffs contend that Youngblood was the only attorney of record at the time the letters were sent, and there was no reason to forward the letters to their prior attorneys at the Pawlowski firm. [Doc. 15 at pp. 5, 6]. However, as the United States points out, there is no dispute that Youngblood never represented Plaintiffs for purposes of their administrative claims. [Doc. 17 ¶ 7]. The United States provided evidence that when the Pawlowski Firm attempted to represent Plaintiffs in March 2018, the USPS requested and was provided proof that the prior firm, Rywant, Alvarez, Jones, Russo & Guyton, P.A., was no longer representing Plaintiffs. [Doc. 14-3]. There is no evidence that the Pawlowski firm withdrew from its representation of Plaintiffs on their administrative claims or that USPS was advised of this

9

development. Likewise, there is no evidence before the Court that USPS was notified that Youngblood had assumed responsibility for Plaintiffs' administrative claim. The fact that Youngblood had filed suit on behalf of Plaintiffs, by itself, did not apprise USPS that the Pawlowski firm was no longer handling the administrative claim and that they had been replaced by Youngblood. As such, mailing of the notice to the Pawlowski firm complied with the requirements of 28 C.F.R. § 14.9, such that the action was untimely pursuant to 28 U.S.C. § 2401.

*Equitable Tolling*

Plaintiffs contend that equitable tolling should apply because they would have promptly refiled the action had USPS not requested updated demands and had they not amicably attempted to resolve the claims. [Doc. 30 at p. 6]. This is not sufficient to warrant equitable tolling. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Woods v. United States*, 700 F. App'x 982, 983–84 (11th Cir. 2017) (*quoting Motta ex rel. A.M. v. United States*, 717 F.3d 840, 846 (11th Cir. 2013). The Eleventh Circuit has stated that it "is an 'extraordinary remedy' that should be used 'sparingly.' " *Echemendia v. United States*, 710 F. App'x 823, 827 (11th Cir. 2017) (*Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006)).

"[T]he petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.' " *San Martin v. McNeil*, 633

F.3d 1257, 1267 (11th Cir. 2011) (*quoting Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)). As for the "extraordinary circumstance" prong, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (*citing Lawrence v. Florida,* 421 F.3d 1221, 1226–27 (11th Cir.2005)).

Plaintiffs have established neither. The Court cannot extrapolate from Plaintiffs' explanation what the claimed extraordinary circumstance is that warrants tolling. Moreover, Plaintiffs have not indicated what steps were taken, if any, to protect their right to timely file this action. That they were in good faith attempting to settle the claims based on Defendant's request for an updated demand falls far short of what is required to warrant equitable tolling. Again, there must exist an extraordinary circumstance that is beyond Plaintiffs control and unavoidable even with diligence for the Court to extend this extraordinary remedy. And "the filing of a complaint that was later dismissed without prejudice does not automatically toll the limitations period for a future complaint." *Miller v. Georgia*, 223 F. App'x 842, 845 (11th Cir. 2007).

## IV. CONCLUSION

Because equitable tolling is not warranted, and the action was filed more than six months after the denial letter was mailed by USPS and received by the Pawlowski firm that represented Plaintiffs before the USPS, the action was untimely. Plaintiffs have not presented any evidence creating a genuine issue as to any material fact and Defendant is therefore entitled to judgment as a matter of law.

11

Accordingly, it is **ORDERED:**

1. Defendant's Motion for Summary Judgment [Doc. 14] is hereby **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Defendant the United States of America and against Plaintiffs Robert Wayne Dotson, Francine Maria DiGiorgio, and Olena Dotson.

3. The Clerk is further directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on December 8, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD AND UNREPRESENTED PARTIES, IF ANY